*Woodruff* for appellant.

## PIJEAU *vs.* BEARD.

APPEAL from the court of the parish and
city of New-Orleans.

MARTIN, J. delivered the opinion of the
court. This was an hypothecary action, by

The third pos-
sessor is bound
by the wife's
judgment against
the husband.
A notary cannot
be allowed to
give evidence of

Eastern District.
*December*, 1829.

PIJEAU
*vs.*
BEARD.

a party's decla-
ration at the time
of executing an
act.

which the plaintiff sought the sale of a slave, the property of her husband, sold by him to the defendant, on an averment, that the plaintiff's husband was indebted to her, and she had no other means of procuring payment.

The general issue was pleaded, and the defendant claimed title to the slave, under an authentic act of sale from the plaintiff's husband, who had purchased the slave from Robinson, and given, to secure payment, his note, endorsed by the defendant. That at the maturity of this note, the defendant furnished a sum of money, and a note for a less sum than the first, to take it up—and furnished since, the money to take up the second; and the two sums, thus paid by the defendant, were the consideration of the sale of the slave, by the plaintiff's husband to the defendant.

There was judgment for the plaintiff, and the defendant appealed.

To prove her claim against her husband, the plaintiff introduced a judgment, by which they were separated of goods, and she recovered a sum of money against him. But this document was excepted to by the defendant.

She then introduced her brother, who deposed, that he had seen Morel pay to the hus-

band, the third part ; the wife's portion, in

a sum of money by him received from the sheriff, on account of the plaintiff's ancestor. That Morel wrote a receipt, which the plaintiff's husband signed.

To this testimony, the defendant and appellant's counsel excepted, on the ground that it was inadmissible. The judgment is *res inter alios acta,* and while there is evidence of the existence of a receipt, given by the plaintiff's husband, the paper should be produced, as the best evidence of the fact of receiving the money, and of the quantum.

A third possessor, before the Code of Practice, could not be disturbed, till judgment was had against the mortgagor. This judgment the former could not attack, except on the grounds of nullity, fraud or collusion. It was against him, *prima facie* evidence. *Bernard vs. Vignaud, vol.* 1 : 9. We are unable to say, why the third possessor should not be equally bound by the wife's judgment against the husband.

The receipt of the husband ought to have been produced or accounted for, and parol evidence of the fact it attests, was properly excepted to.

PIJEAU
*vs.*
BEARD.

The plaintiff next introduced, an authentic act of sale for the slave, from Robinson to her husband, and the note which the latter had given, with the defendant's endorsement, with a receipt on the back for $110; and another note for $360, endorsed by the defendant, drawn by her husband.

The defendant relied on the authentic act of the plaintiff's husband to herself, and the certificate of the recorder of mortgages, that Robinson had cancelled his mortgage on the slave. These two documents bear date of the same day.

She further offered the notary, before whom the plaintiff's husband executed the act of sale for the slave to herself, (the defendant,) to prove his declaration and acknowledgment, that the sum mentioned in the act of sale, as the consideration of it was, that the defendant, as his endorsee, had furnished him with the money to take up his notes to his own vendor.

This testimony was objected to, as contradicting the averment in the act of sale, and the plaintiff's husband's declarations could not be evidence against her. We think the testimony was properly rejected, not because

it was contradicting the averment in the act

of sale, which was, that the vendor had received the consideration of the sale from the vendee, and to add, that it had been received for the purpose of paying a certain debt, which the vendor was liable for, but because the testimony was the declaration of a third party to the act, not part of the *res gesta,* nor sworn to.

It then follows, that by the judgment of the plaintiff, it is established, that she is credited for a larger sum than was awarded against the present defendant: that the latter is the third possessor of a slave, part owned by the husband during the contract.

The defendant has not even succeeded in showing she paid the money to the vendor, otherwise than as a consideration of the sale: it is not contended, and had she paid it to the creditor of the husband, the possession of the note by the plaintiff, repels the idea that it was paid by the defendant. It is farther in evidence, that Robinson, the mortgagee, cancelled the mortgage on the very day the defendant bought: so it is evident it was not subrogated to the mortgage.

PIJEAU
*vs.*
BEARD.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.

*Seghers* for the plaintiff, *De Armas* for the defendant.